IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - -

| | |
|---|---|
| SUN BUM LLC ) | |
| ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | |
| v. ) | Honorable _____ |
| ) | |
| MIAMI BEACH BUM CO. ) | |
| MIAMI BEACH BUM LLC ) | |
| (f/k/a HEALTH BOMB LLC) ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT

Sun Bum LLC hereby complains of Miami Beach Bum Co. and Miami Beach Bum LLC and alleges as follows:

1.  Plaintiff, Sun Bum LLC (hereinafter "Sun Bum" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Michigan, registered to do business in the State of Michigan with an office at 444 South Coast Highway 101, Encinitas, California 92024.

2.  Defendant Miami Beach Bum Co., upon information and belief, is a Delaware corporation operating and doing business at a registered address of 779 N Shore Drive, Miami Beach, Florida 33141, with Miami Beach Bum Co. having been incorporated in Delaware on or about October 22, 2021

3.  Defendant Miami Beach Bum LLC, a Florida limited liability company having a registered address of 779 N Shore Drive, upon information and belief, was formerly known as Health Bomb LLC, and is a predecessor to Defendant Miami Beach Bum Co., with Health Bomb LLC having filed a change of name with the Florida Division of Corporations in which its name was changed to Miami Beach Bum LLC, and with Miami Beach Bum LLC (f/k/a Health Bomb

LLC) having filed an Articles of Conversion with the Florida Division of Corporations on or about October 22, 2021 in which Miami Beach Bum LLC converted from a Florida limited liability company to Defendant Miami Beach Bum Co.

4. Upon information and belief, Defendants Miami Beach Bum Co. and Miami Beach Bum LLC (hereinafter collectively "Miami Beach Bum" or "Defendants"), were founded by Ms. Ayssa DiPietro whom is a principal officer and agent of Defendants.

5. Defendants Miami Beach Bum, upon information and belief, are doing and have done, including through the predecessor Health Bomb LLC, business within the State of Michigan and within the Western District of Michigan, and are engaged in continuous and systematic business within the Western District of Michigan, conduct and solicit business within this district and derive substantial revenue from the sales of their products and/or services within this district and elsewhere in Michigan, including soliciting customers and potential customers in this State and District, shipping product and directing the shipment of product to customers in this State and District.

6. This action arises under the federal trademark and false designation of origin laws, as a result of Defendants' willful infringement of valid rights in Plaintiff's trademark rights as hereinafter defined, and other unlawful activities conducted by Defendants in connection with such infringement.

JURISDICTION AND VENUE

7. This action arises under the trademark laws and false designation of origin laws of the United States, Title 35 of the United States Code, §§1 et seq.

8. This Court has jurisdiction in this action under 28 U.S.C. §§1331, 1338, and 1367, and 15 U.S.C. §§1116 and 1121. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1391(c). Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendants are subject to personal jurisdiction in this State. On information and belief, a substantial part of the events giving rise to the claims occurred in this District, including Defendants selling their infringing goods in this district and/or shipping its infringing goods into this District.

## FACTUAL ALLEGATIONS

10. Sun Bum is an international lifestyle brand company specializing in personal care products. For over two decades Sun Bum has been providing premium skin care products, including sunscreens, lotions and lip balms, as well as hair care and other personal care products, and numerous apparel and other products (the "Sun Bum Products"), which are all marketed and sold throughout the United States and beyond.

11. Sun Bum has and continues to use its SUN BUM trademark (the "SUN BUM Mark") on the Sun Bum Products, and it is used to identify and distinguish the Sun Bum Products from those of its competitors in the marketplace.

12. Sun Bum is the owner of U.S. Trademark Registration No. 3,572,365 registered on February 10, 2009 for SUM BUM covering "sunscreen cream," in International Class 3, and claiming a first use of January 1, 2008 and first use in commerce of February 1, 2008 (the "'365 Registration"). A true and correct copy of the '365 Registration is attached as Exhibit A, which by virtue of its extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065, and has been renewed since issuance thereof.

13. Sun Bum is the owner of U.S. Trademark Registration No. 4,870,901 registered on December 15, 2015 for SUM BUM covering "stickers" in International Class 16; "headwear; t-shirts" in International Class 25; and "toy animals" in International Class 28, and claiming a

3

first use of January 1, 2010 and first use in commerce of February 1, 2010 (the "'901 Registration"). A true and correct copy of the '901 Registration is attached as Exhibit B, which by virtue of its extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065.

14.     Sun Bum is the owner of U.S. Trademark Registration No. 4,289,452 registered on February 12, 2013 for SUM BUM covering "non-medicated sun care preparations," in International Class 3, and claiming a first use of January 1, 2008 and first use in commerce of February 1, 2008 (the "'452 Registration"). A true and correct copy of the '452 Registration is attached as Exhibit C, which by virtue of its extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065.

15.     Sun Bum is the owner of U.S. Trademark Registration No. 4,012,130 registered on August 16, 2011 for SUM BUM covering "flying discs; footballs; paddle ball games," in International Class 28, and claiming a first use and first use in commerce of January 20, 2011 (the "'130 Registration"). A true and correct copy of the '130 Registration is attached as Exhibit D, which by virtue of its extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065, and has been renewed since issuance thereof.

16.     Sun Bum is the owner of U.S. Trademark Registration No. 5,032,467 registered on August 30, 2016 for SUM BUM covering "hair care preparations; lip balm," in International Class 3, and claiming a first use and first use in commerce of May 19, 2010 (the "'467 Registration"). A true and correct copy of the '467 Registration is attached as Exhibit E, which by virtue of its extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065.

17.     Sun Bum is the owner of U.S. Trademark Registration No. 5,863,379 registered on September 17, 2019 for SUN BUM + design covering numerous goods in International Class

3, including "facial moisturizers" (the "'379 Registration"). A true and correct copy of the '379 Registration is attached as Exhibit F, which by virtue of its extensive, continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065.

18. Sun Bum is the owner of U.S. Trademark Application Ser. No. 90/121,281 (the "'281 Application") filed on August 18, 2020 for SUM BUM covering the following goods in International Class 3:

> skin cream; night cream; eye cream; face creams; non-medicated skin serums; beauty serums; skin cleansers; skin lotions; moisturizing body lotions; skin moisturizer; skin masks; non-medicated exfoliating preparations for skin; facial washes; skin toners; skin clarifiers; non-medicated face mists for skin care; non-medicated face mask for skin care; mineral lotions for skin care; non-medicated skin care preparations; non-medicated skin brightening preparations, namely, exfoliating face wash, serum, cream, cleanser

A true and correct copy of the '281 Application is attached as Exhibit G, for which the U.S. Patent & Trademark Office issued a Notice of Allowance on May 17, 2022.

19. Sun Bum also provides products under the BABY BUM trademark (the "BABY BUM Mark"), including personal care products, as well as numerous other products, that are sold throughout the United States and beyond and have enjoyed significant commercial success. Sun Bum has and continues to use the BABY BUM Mark on a wide array of goods and it is used to identify and distinguish Sun Bum's products from those of its competitors in the marketplace.

20. Sun Bum is the owner of U.S. Trademark Registration No. 4,321,382 registered on April 16, 2013 for BABY BUM covering "non-medicated sun care preparations," in International Class 3, and claiming a first use of September 6, 2012 and first use in commerce of January 22, 2013 (the "'382 Registration"). A true and correct copy of the '382 Registration is attached as Exhibit H, which by virtue of its extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065.

5

21. Sun Bum is the owner of U.S. Trademark Registration No. 5,555,990 registered on September 4, 2018 for BABY BUM covering "baby bubble bath; baby hand soap; baby location; baby shampoo; body cream; hair care preparations; lip balm; sunscreen cream" in International Class 3, "towels" in International Class 24, and "hats; t-shirts; underclothes; wraps" in International Class 25, and claiming a first use date of October 2012 and first use in commerce date of February 2013 (the "'990 Registration"). A true and correct copy of the '990 Registration is attached as Exhibit I.

22. Sun Bum is the owner of U.S. Trademark Registration No. 5,555,991 registered on September 4, 2018 for BABY BUM covering "plastic beach toy items, namely, sand toys, toy pails and toy shovels, and beach balls; toy animals" International Class 28, and claiming a first use date of December 1, 2017 and first use in commerce date of December 27, 2017 (the "'991 Registration"). A true and correct copy of the '991 Registration is attached as Exhibit J.

23. Sun Bum also provides products under the TRUST THE BUM trademark (the "TRUST THE BUM Mark"), including personal care products, as well as numerous other products, that are sold throughout the United States and beyond and have enjoyed significant commercial success. Sun Bum has and continues to use the TRUST THE BUM Mark on a wide array of goods and it is used to identify and distinguish Sun Bum's products from those of its competitors in the marketplace.

24. Sun Bum is the owner of U.S. Trademark Registration No. 3,990,792 registered on July 5, 2011 for TRUST THE BUM covering "sunscreen cream," in International Class 3, "stickers" in Class 16, and "t-shirts" in Class 25, and claiming a first use and first use in commerce of May 27, 2010 (the "'792 Registration"). A true and correct copy of the '792 Registration is attached as Exhibit K, which by virtue of its extensive continuous and exclusive

6

use, has attained incontestable status under the provisions of 15 U.S.C. §1065, and has been renewed since issuance thereof.

25. Sun Bum is the owner of U.S. Trademark Registration No. 4,129,596 registered on April 17, 2012 for TRUST THE BUM covering "flying discs; footballs; paddle ball games" in International 28, and claiming a first use and first use in commerce of May 5, 2010 (the "'596 Registration"). A true and correct copy of the '596 Registration is attached as Exhibit L, which by virtue of its extensive continuous and exclusive use, has attained incontestable status under the provisions of 15 U.S.C. §1065, and has been renewed since issuance thereof.

26. Sun Bum has been actively using the SUN BUM Mark as a trademark on the Sun Bum Products in interstate commerce since at least 2008, and has been actively using the BABY BUM Mark as a trademark on the Sun Bum Products in interstate commerce since at least 2012, and has been using the TRUST THE BUM Mark as a trademark on the Sun Bum Products in interstate commerce since at least 2010. The SUN BUM Mark, BABY BUM Mark, and TRUST THE BUM Mark are collectively referred to herein as the "Sun Bum Trademarks".

27. The SUN BUM Mark, BABY BUM Mark, and TRUST THE BUM Mark have been and are advertised and marketed together in such a manner as to create public recognition coupled with an association of common origin predicated upon the common family feature "BUM". As a result of the efforts of Sun Bum, the consuming public has become familiar with and identifies the SUN BUM Mark, BABY BUM Mark, and TRUST THE BUM Mark, individually and as a family of marks, as being associated with a wide variety of personal care goods in International Class 3, as well as other products. The consuming public understands and expects that personal care goods in International Class 3 are affiliated or associated with Sun Bum.

28. The Sun Bum Trademarks have been extensively marketed, promoted and sold in the United States in connection with the Sun Bum Products. Sun Bum has expended substantial amounts of time, money and effort in promoting the Sun Bum Trademarks, whereby Sun Bum has acquired substantial goodwill in the trademarks and trade name so that the trade in general and the purchasing public in particular have come to know and recognize each of the SUN BUM Mark, BABY BUM Mark, and TRUST THE BUM Mark brand products and to know that they have originated from Sun Bum. As a result of such extensive promotion and use, and the quality of Sun Bum's goods and services, the Sun Bum Trademarks have become widely and favorably known, and are a highly valuable asset of Sun Bum and a symbol of its goodwill.

29. Sun Bum has sold tens of millions of Sun Bum Products totaling hundreds of millions of dollars over many years, and has spent millions of dollars on marketing. Moreover, The Sun Bum Products have been the subject of a significant number of news articles/segments and product reviews, including but not limited to, the Today Show and Good Morning America, as well as having appeared in numerous printed magazines, including People, Town & Country, Essence, Woman's Day, US Weekly, Shape, Life & Style, and Marie Claire, Men's Health, Shape, Cosmopolitan, Fitness, Men's Journal, W, Better Homes and Gardens, among others. The Sun Bum Products have also been featured in numerous online publications, including Cosmopolitan, Glamour and Elle, as well as The Wall Street Journal, The New York Times, Who What Wear, The Huffinton Post, Men's Journal, USA Today, and many others.

30. The Sun Bum Products are sold through an extensive number of physical retail stores and online channels, including through retailers in every state in the United States, as well as in the Virgin Islands and District of Columbia. This includes major national retail chains, including Ulta Beauty, Target, Nordstrom Rack, Costco, Dicks' Sporting Goods, Meijer, CVS, Walgreens, Rite-Aid, Urban Outfitters, Kroger's and Macy's. Sun Bum also sells its Sun Bum

Products through Sun Bum's own website, as well as a number of large and well-known online platforms, including Amazon, Facebook, CVS, Ulta Beauty, Walgreens and Target.  Still further, numerous of Sun Bum's retail partners have their own online platform through which Sun Bum Products are sold.

31. Sun Bum also engages in extensive promotional events and sponsorships, including in particular related to snow and water activities, including skiing.  Examples of promotional events include Sun Bum's Bum Rush Tour, in which a cash prize is awarded to a surfer at a randomly-chosen location, and the Sonny Session, in which Sun Bum partnered with the MasterCraft boat company in holding a river surfing event featuring a customized Mastercraft boat with Sun Bum styling.  Sun Bum is also a sponsor of Mammoth Mountain Ski Area, LLC, and has previously sponsored Copper Mountain Ski Resort in Summit County, Colorado.  Sun Bum also regularly showcases and promotes its products in various outdoor activities related tradeshows, including those related to skiing and snowboarding, including the Snowsports Industries America (SIA) and Outdoor Retailer Snow Show tradeshows, which have taken place in Colorado and Utah.  Sun Bum also conducts and/or participates in numerous events to promote its brand, including snow and water related events such as the Boatstock Floating Music Fest at St. Pete Beach, Florida, the USA Surfing Prime at Huntington Beach, California, the West Coast Boardriders Championships at Huntington Beach, California, the GoPro Mountain Games at Vail, Colorado, and the USA Surfing Championships at Lower Tresles Beach in San Diego Counting, California.  Sun Bum sponsors the nonprofit organization "Surfers For Autism", an entity that provides support and advocacy for individual with development delays, by providing water activities to such individuals through volunteer efforts, and has promoted and sponsored the "Super Girl Snow Pro Series", which was a snowboarding event held at Bear Mountain ski resort in Big Bear Lake, California.

32. The Sun Bum Trademarks are the exclusive property of Plaintiff and are each strong marks that have achieved fame, and are not descriptive, nor suggestive, nor misdescriptive of the Sun Bum Products.

33. As a result of their widespread public use and recognition, the Sun Bum Trademarks have become an asset of significant value and goodwill, and a successful indicator of the source of the Sun Bum Products.

34. As a result of the many years of longstanding and widespread use and marketing under the Sun Bum Trademarks, and as a result of widespread public recognition, Sun Bum has extensive common law rights in each of the SUN BUM Mark, BABY BUM Mark, and TRUST THE BUM Mark.

35. Upon information and belief, Defendant Miami Beach Bum is the successor to the entity Health Bomb LLC.

36. Health Bomb LLC previously filed on February 19, 2020, U.S. Trademark Application Ser. No. 88/802,495 for the mark SKI BUM in connection with "face creams, non-medicated face serum".

37. Plaintiff Sun Bum filed a notice of opposition with the Trademark Trial and Appeal Board of the U.S. Patent & Trademark Office seeking to oppose registration of the SKI BUM mark of U.S. Trademark Application Ser. No. 88/802,495, which notice was filed on August 3, 2020, and asserted Sun Bum's common law trademark rights as well as Sun Bum's U.S. Trademark Registrations, including the above discussed '365 Registration, '901 Registration, '452 Registration, '130 Registration, '467 Registration, '379 Registration, '382 Registration, '990 Registration, '991 Registration, '792 Registration and '596 Registration of Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, and Exhibit H, Exhibit I, Exhibit J, Exhibit K, and Exhibit L.

38. The Trademark Trial and Appeal Board instituted the opposition as Opposition No. 91264019.

39. On March 10, 2022, the Trademark Trial and Appeal Board issued its ruling in Opposition No. 91264019 sustaining the opposition.

40. The Trademark Trial and Appeal Board stated on the last page of the ruling that, "[o]n the basis of the record as a whole, we find that Opposer proved, by a preponderance of the evidence, that Applicant's us of its SKI BUM mark for legally identical goods is likely to cause confusion as to the source or sponsorship of those goods."

41. Upon information and belief, Miami Beach Bum is a marketer and distributor of a face cream product that it markets under the trademark SKI BUM, which is marketed and sold throughout the United States (the "Infringing Goods"). Attached as Exhibit M is advertising material from the website of Miami Beach Bum (https://miamibeachbum.com/) marketing products under the infringing mark SKI BUM. As represented by Miami Beach Bum therein, it provides shipping on U.S. orders over $35 without limitation as to where the Infringing Goods may be shipped.

42. Shown below is an example of Miami Beach Bum's Infringing Goods bearing the mark SKI BUM.



43. As shown in the image of the above paragraph, the product includes in significantly smaller font additional words above the SKI BUM Trademark that consumers are unlikely to see, recognize, or understand such that the SKI BUM words create a separate and distinct commercial impression apart from the other words contained on the product.

44. Miami Beach Bum markets and distributes other personal care products that are packaged in similar containers as used with its Infringing Goods, but those products are labeled with the MIAMI BEACH BUM name in dramatically larger wording, as shown below:



45. Upon information and belief, in addition to its own website, Miami Beach Bum distributes Infringing Goods through a number of retail establishments as well as through a number of different online platforms.

46. Upon information and belief, Miami Beach Bum, through its officers and/or employees, had knowledge of Sun Bum and of Sun Bum Products, including products sold under the Sun Bum Marks, prior to Miami Beach Bum adopting and commencing use of the mark SKI BUM and sales of goods in association with the SKI BUM Mark.

47. Miami Beach Bum's use of the SKI BUM Mark is confusingly similar to Plaintiff's SUN BUM Mark identified in the SUN BUM Trademark Registrations, and to Plaintiff's SUN BUM Mark, BABY BUM Mark and TRUST THE BUM Mark family of marks.

48. Upon information and belief, Miami Beach Bum has actual and constructive knowledge of Plaintiff's rights in the Sun Bum Trademarks. Plaintiff has given actual notice to Defendants of Plaintiff's rights in the Sun Bum Trademarks, including both federally registered trademark rights and common law rights of Plaintiff, and of Miami Beach Bum's infringement and violation of Plaintiff's rights in the Sun Bum Trademarks. Miami Beach Bum has refused to cease their continued unauthorized use of the SKI BUM Mark, infringement and violation of Plaintiff's rights. Upon information and belief, Miami Beach Bum is still actively engaged in and involved with the continued willful infringement of such rights and other unlawful acts complained of herein.

49. The Infringing Goods directly compete with the Sun Bum Products sold under the Sun Bum Trademarks.

50. The consumers and potential consumers of Sun Bum Products sold under the Sun Bum Trademarks are identical to the consumers and potential consumers of the Infringing Goods.

51. Upon information and belief, the Infringing Goods are sold in the same channels of trade as the Sun Bum Products sold under the Sun Bum Trademarks.

13

52. Miami Beach Bum's infringing activities are likely to cause confusion, mistake and deception among the consuming public as to the origin of the Infringing Goods.

53. Miami Beach Bum's use of the SKI BUM Mark in connection with face cream sold in the same channels of trade as the Sun Bum Products creates a false designation of origin, which is likely to cause confusion as to the affiliation, sponsorship or approval of Miami Beach Bum with Sun Bum.

54. Miami Beach Bum's sale of Infringing Goods will cause Sun Bum injury because such use is likely to cause confusion and/or mistake by wrongly leading persons to believe that the Infringing Goods are provided by, sponsored by, endorsed by or otherwise associated with Sun Bum.

55. In addition to causing confusion in the minds of consumers, Miami Beach Bum's continued use of the SKI BUM Mark is likely to cause mistake or to deceive, or otherwise injure, diminish or detract from the prior rights firmly established by Sun Bum in and to the Sun Bum Trademarks.

56. The value of Sun Bum's good will associated with its Sun Bum Trademarks will be impaired by Miami Beach Bum's continued use of a confusingly similar mark on identical and competitive goods, over which Sun Bum has no quality control.

57. By reason of the foregoing, Sun Bum will be damaged by the use of the SKI BUM Mark by Miami Beach Bum.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

58. Plaintiff incorporates by reference the allegations of paragraphs 1-57 as if fully set forth herein.

59. The unauthorized use by Defendants of the SKI BUM Mark that is confusingly similar to Plaintiff's SUN BUM Mark on and in association with face creams is likely to cause

14

confusion, mistake, or deception, and thus infringes Plaintiff's trademark rights in its federally registered marks under 15 U.S.C. §1114, and induces the infringement by others knowingly and/or with reckless disregard amounting to knowledge.

60. On information and belief, with actual knowledge of the Plaintiff's ownership of the SUN BUM Mark, the actions of Defendant have been and are now being carried out in willful disregard of Plaintiff's rights, in violation of 15 U.S.C. §1114.

61. Plaintiff has been damaged by Defendants' acts of infringement.

62. Plaintiff has suffered injury as the result of Defendant's acts of infringement that is irreparable in nature, and Plaintiff is without an adequate remedy at law.

63. Further irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further such acts in violation of the trademark laws, including, but not limited to, violation of 15 U.S.C. §1114. Plaintiff is further entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts.

COUNT II
FEDERAL TRADEMARK INFRINGEMENT

64. Plaintiff incorporates by reference the allegations of paragraphs 1-57 and 59-63 as if fully set forth herein.

65. The unauthorized use by Defendants of the SKI BUM Mark that is confusingly similar to Plaintiff's SUN BUM Mark, BABY BUM Mark and TRUST THE BUM Mark family of marks on and in association with face creams is likely to cause confusion, mistake, or deception, and thus infringes Plaintiff's trademark rights in its federally registered marks under 15 U.S.C. §1114, and induces the infringement by others knowingly and/or with reckless disregard amounting to knowledge.

15

66. On information and belief, with actual knowledge of the Plaintiff's ownership of the SUN BUM Mark, BABY BUM Mark and TRUST THE BUM Mark family of marks, the actions of Defendant have been and are now being carried out in willful disregard of Plaintiff's rights, in violation of 15 U.S.C. §1114.

67. Plaintiff has been damaged by Defendants' acts of infringement.

68. Plaintiff has suffered injury as the result of Defendant's acts of infringement that is irreparable in nature, and Plaintiff is without an adequate remedy at law.

69. Further irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, directors, agents, employees, representatives, and all persons acting in concert with them, from engaging in further such acts in violation of the trademark laws, including, but not limited to, violation of 15 U.S.C. §1114. Plaintiff is further entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts.

## COUNT III
### FEDERAL UNFAIR COMPETITION – VIOLATION OF 15 U.S.C. §1125(a)

70. Plaintiff incorporates by reference the allegations of paragraphs 1-57, 59-63 and 65-69 as if fully set forth herein.

71. Upon information and belief, Defendants' unauthorized use of the SKI BUM Mark that is confusingly similar to Plaintiff's SUN BUM Mark on goods that are not authorized by Plaintiff, was and is being conducted with full knowledge of Plaintiff's rights. The unauthorized use by Defendants in commerce of the SKI BUM Mark on identical and/or competitive goods is likely to cause the public to mistakenly believe that Defendants' goods originate from, are sponsored by, or are in some way authorized by Plaintiff, and constitutes false designations of origin or false descriptions or representations, and is likely to cause the mark to lose its significance as an indicator of origin.

72. The actions by Defendants are in violation of 15 U.S.C. §1125(a).

73. Defendants' activities have willfully infringed and are infringing such rights of Plaintiff in violation of 15 U.S.C. §1125(a).

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

74. Plaintiff incorporates by reference the allegations of paragraphs 1-57, 59-63, 65-69 and 71-73 as if fully set forth herein.

75. Plaintiff has substantial exclusive trademark rights in Sun Bum's Trademarks at common law, including the common law of Michigan and elsewhere. Plaintiff has established substantial goodwill in its business, its products, and its trademark. Sun Bum's Trademarks represents a protectable trademark under the common law and a substantial business asset of Plaintiff.

76. Defendants' actions, including, but not limited to, Defendants' marketing and sales of face creams bearing the SKI BUM Mark that is confusingly similar to at least Plaintiff's SUN BUM Mark, constitutes unfair competition at common law, including unfair competition under the common law of Michigan and elsewhere.

77. Defendants' actions constitute trademark infringement at common law, including infringement under the common law of Michigan and elsewhere.

78. Upon information and belief, Defendants' actions in infringing the common law trademark rights of Plaintiff have been undertaken with knowledge of Plaintiff's rights and with intention of misappropriating the goodwill associated with Plaintiff's trademark rights. Upon information and belief, Defendants' acts of trademark infringement have been willful.

79. Plaintiff has been damaged by Defendants' acts of infringement and unfair competition.

17

80. Plaintiff has suffered injuries as the result of Defendants' acts of infringement and unfair competition that are irreparable in nature, and Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor against Defendants as follows:

    A. That Plaintiff's rights in its Sun Bum Trademarks are valid, enforceable, and have been infringed by Defendants, and that Defendants have violated relevant federal laws and regulations;

    B. That Defendants have violated 15 U.S.C. §1125(a);

    C. That Defendants have infringed common law trademark rights of Plaintiff;

    D. That Defendants have competed unfairly with Plaintiff;

    E. That Defendants, its agents, servants, officers, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

        1. Using the SKI BUM Mark, and all other designations, designs, and indicia which are likely to cause confusion, mistake, or deception with respect to Plaintiff's rights; and

        2. Violating any proprietary rights of Plaintiff.

    F. That Defendants willfully infringe Plaintiff's rights;

    G. That Defendants be required to pay to Plaintiff such damages, together with prejudgment interest thereon, as Plaintiff has sustained as a consequence of Defendants' wrongful acts, together with prejudgment interest thereon, and to account for and return to Plaintiff any money, profits, and advantages wrongfully gained by Defendants;

    H. That Plaintiff be awarded its costs and attorney's fees;

    I.  That all damages sustained by Plaintiff be increased, and increased up to three times, as the result of the willful nature of Defendants' violations;

    J.  That the Court deliver up for impounding and destruction all products, fixtures, writings, signage, artwork, copies, and other materials which infringe Plaintiff's rights, falsely designate source or origin, or otherwise facilitate Defendants' unfair competition with Plaintiff;

    K.  That Defendants be directed to file with the Court and serve on Plaintiff, within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which Defendant have complied with this injunction; and

    L.  That Plaintiff be granted such further relief as the Court may deem appropriate.


Dated: April 11, 2023        /s/Karl T. Ondersma
                Karl T. Ondersma (P-68028)
                Terence J. Linn (P-33449)
                Gardner, Linn, Burkhart & Ondersma LLP
                2900 Charlevoix Drive SE, Suite 300
                Grand Rapids, Michigan 49546
                (616) 975-5500
                linn@gardner-linn.com
                ondersma@gardner-linn.com

                Attorneys for Plaintiff
                Sun Bum LLC